UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUC VAN NGUYEN,<br>           Petitioner,<br><br>   v.<br><br>DANIEL PARAMO,<br>           Respondent. | Case No. 15-cv-01915-HSG<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 12 |

Before the Court is the above-titled *pro se* petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254 by petitioner Luc Van Nguyen, challenging the validity of a judgment obtained against him in state court. Respondent has moved to dismiss the petition as untimely and procedurally barred. Docket No. 12. Petitioner has not filed an opposition, and the deadline to do so has long since passed. For the reasons set forth below, this action is DISMISSED.

**BACKGROUND**

In 1998, Petitioner was convicted by a jury in San Mateo County Superior Court on thirty-six counts, and sentenced to a term of ninety-three years and eight months in state prison. Docket No. 1 ("Pet.") at 1–2. Petitioner appealed and, on July 31, 2000, the California Court of Appeal affirmed the conviction. Docket No. 12, Ex. A. On October 18, 2000, the California Supreme Court denied review. *Id.*, Ex. B.

On August 25, 2014, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court, which was denied on October 29, 2014. Docket No. 12, Exs. C and D.

On January 29, 2015, Petitioner filed a federal petition for a writ of habeas corpus, *Van Nguyen v. Paramo*, C No 15-00689 LHK (*"Van Nguyen I"*), in the Southern District of California

wherein he alleged that trial counsel had been ineffective. Petition at 7–8, *Van Nguyen v. Paramo*, C No 15-00689 LHK (N.D. Cal. filed Jan. 29, 2015). On February 13, 2015, *Van Nguyen I* was transferred to the Northern District of California. On November 19, 2015, *Van Nguyen I* was dismissed as untimely. Order Granting Respondent's Motion to Dismiss; Denying Certificate of Appealability, *Van Nguyen v. Paramo*, C No 15-00689 LHK (N.D. Cal. filed Nov. 19, 2015).

On April 29, 2015, while *Van Nguyen I* was pending, Petitioner filed the instant federal petition for a writ of habeas corpus, alleging that his conviction on thirty-six counts was based on hearsay or rumor; that his sentence was excessive; and that his trial attorney failed to present evidence and arguments that would have exonerated him. Docket No. 1.

**DISCUSSION**

Respondent has moved to dismiss the petition as both untimely and procedurally barred. Docket No. 12. Respondent's motion to dismiss contains information that convinces the Court that the petition must be dismissed on a threshold procedural ground (i.e., that it is successive) and that the Court should not reach the timeliness issue or the procedural bar issue.

Here, the instant petition challenges the same conviction and sentence as Petitioner's earlier-filed federal habeas action, *Van Nguyen I*, which was dismissed as untimely. The claims found cognizable in the instant action differ from the claims found cognizable in *Van Nguyen I*. Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), where a claim presented in a second or successive habeas corpus petition under § 2254 has not been presented in a prior petition, such claim must be dismissed, unless: (1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). It is unclear whether any of Petitioner's claims satisfy either of the two exceptions set forth in Section 2244(b)(2).

Regardless, even if a second or successive habeas petition is permitted under Section 2244(b)(2), a petitioner must first obtain from the Court of Appeals an order authorizing the

district court to consider the second or successive petition. *Id.* § 2244(b)(3)(A). Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this Court to consider this successive petition. Accordingly, this Court must dismiss the instant petition in its entirety. *Id.* This action is therefore DISMISSED without prejudice to Petitioner filing a new petition if and when he obtains the necessary order from the Ninth Circuit.

In light of the fact that this action must be dismissed under Section 2244(b)(3), the court need not decide whether this action also must be dismissed as untimely or procedurally barred. Accordingly, the Court DENIES Respondent's motion to dismiss (Docket No. 12) as moot. The denial of the motion to dismiss is without prejudice to Respondent moving to dismiss as untimely or procedurally barred any future petition that Petitioner might file.

**CONCLUSION**

For the reasons stated above, the petition for a writ of habeas corpus is DISMISSED as second or successive. Respondent's motion to dismiss (Docket No. 12) is DENIED as moot.

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing Habeas Corpus Cases Under Section 2254, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

//
//
//
//

3

1   The Clerk shall enter judgment in favor of Respondent and close the file.

2   **IT IS SO ORDERED.**

3   Dated: 4/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge